And we'll call the first case on today's list is Sandra Connelly v. Lane Construction Corp. Ms. Town. You may proceed. May it please the Court, my name is Emily Town and I represent the appellant Ms. Sandra Connelly. Your Honor, I would like to reserve one minute for rebuttal. Okay, two things. One, pull that microphone up so we can hear you. Yes, sir. Okay, try to speak as clearly into that as possible. So why don't you get started again because I didn't quite hear you. May it please the Court, my name is Emily Town and I represent the appellant Ms. Sandra Connelly. Your Honor, I would like to reserve one minute for rebuttal. That request will be granted. Thank you. And I have also ceded five minutes to the attorney back of the Equal Employment Opportunity Commission as amicus curiae in support of the appellant. The issue before this Court is whether or not the district court below has followed this Court's mandate set forth in Phillips v. County of Allegheny and again in Fowler v. UPMC Shadyside that in deciding a Rule 12 v. 6 motion to dismiss, the Court must take all factual allegations as true and construe the complaint in the light most favorable to the plaintiff to decide whether the plaintiff has set forth a plausible claim under the Supreme Court's standards announced in Twombly and Iqbal. As I was preparing last night, I was drawn to one line in the district court's opinion below that I believe sets forth the theme of his entire opinion. It's on page 9 where he discusses the McDonnell-Douglas burden shifting standard used at the Rule 56 summary judgment stage and states, So Connelly must prove that Lane's asserted reason for not rehiring her, i.e. lack of work, was a pretext for gender discrimination. Now that is true at the summary judgment stage. That's also ultimately true at trial. But that is not the plaintiff's burden at the pleading stage. So what's the technique for moving forward at the pleading stage? You rely heavily on Fowler. Does that provide a template? What's the step process of analysis we should be following? Yes, I do believe that Phillips and Fowler, this court's prior decisions, and again in Birch and some of the other recent motion to dismiss cases that this court has decided, adequately sets out that the court should first separate the legal and factual allegations and then construe the factual allegations in the light most favorable to the plaintiff and draw inferences only in favor of the plaintiff. The district court here erred by drawing inferences almost solely in favor of the defendant. Can you distill a rule for us in the discrimination context? What should we be looking for? Maybe that's not so clear in our cases. Pausability seems like what you're saying. It seems like your friends at the EEOC came up with something like, is it plausible members of the opposite sex were treated more favorably? Is that something you're buying into? Sure. The gravamen of any discrimination complaint is, was the person treated differently than comparators? And here, Ms. Connolly has set forth at least six comparators, male co-workers, who were treated differently. But you would agree that the prima facie test that we would apply in a summary judgment motion should not be applicable at the pleading stage? Yes, I would agree. Okay, so Judge McVeary maybe used some summary judgment terms in his decision, but we have plenty of review over his decision. So we have to determine whether or not the claim was plausible, as asserted. On the discrimination claim itself, it's based on gender, obviously, in this case. Correct. What else besides the mere fact that Ms. Connolly is a female was alleged in the complaint from which we could infer that there were plausible allegations? Well, Ms. Connolly set forth factual allegations going back to the beginning of her tenure with Lane Construction Company, showing that from the beginning, she was treated differently. Her co-workers belittled her, harassed her, disparaged her, cursed at her, called her names. Yeah, but that was all cut off as of December of 2011. Well, I Before December, after December 2011. Yes, that conduct is not actionable. However, even on Rule 56 motion, conduct that has occurred in the history of an employee's term of employment that tends to show discrimination can be used as evidence to support a discrimination complaint that is timely. And for that reason, we included those allegations. You're saying, though, that the actionable conduct was the failure to recall her in April of 2011. Yes. Correct? Correct. Okay. And my question, maybe it was inarticulately phrased, was what else besides gender showed that that action was discriminatory? Well, I think that there are several factors that took place during the recall process for Lane that year that infer discrimination. First, Lane ignored its mandate in its collective bargaining agreement with the Teamsters Union that drivers be recalled in the order of seniority without regard to equipment or truck assignment. The driver that normally drove the TAC truck, the only truck for which Ms. Connolly was not qualified, was first in seniority. Let me ask a question on that point. Yes. Is it your position that, because the analysis that the district court goes through at that point is to say they've got a perfectly reasonable explanation for that. That's the district court's basic position that one of them was let back not as a driver but as a laborer. That's different. One of them was let back to drive a truck she wasn't qualified for. That's different. She hasn't met her burden to show there was discrimination here. Do I understand your position to be that that might be an appropriate analysis at the summary judgment stage, but the district court can't go through that kind of thinking at the pleading stage? Yes, that the district court here at the pleading stage is required to only draw inferences in favor of the plaintiff here. And the inferences that can be drawn by that manipulation of the recall process, coupled with the context of Ms. Connolly's entire employment with Lane, tends to show discrimination or a discriminatory animus. Or we've ignored retaliation here during my time. Is it an important fact, though, that she was harassed by her supervisor in May of 2010? Yes, I believe that is an important fact, that Ms. Connolly was subjected to sexual harassment by a supervisor in May of 2010. She complained about that harassment. She alleges that her relationships with co-workers and supervisors But then they took action after that complaint, did they not? The district court's characterization of it is that they took immediate action. However, it ignores the factual allegations that she first complained to the ethics line. She then complained directly to her direct supervisor, who dismissed the complaint, ignored it, said, I don't believe that this foreman would act that way. She then went back to the ethics line and complained again, and finally action was taken. Throughout that, Ms. Connolly alleges that her relationships with those supervisors and co-workers became increasingly strained and that she was laid off before her co-workers. The district court makes a big deal out of the time period between those complaints and the ultimate failure to recall her. However, it ignores the context in which this case occurs and that this is construction work and the workers don't work over the winter months. So Lane took the first opportunity it had to retaliate against Ms. Connolly. Ms. Town, we will have you back on rebuttal. Let's hear from Ms. Back. Thank you. We only have a few minutes here. Why don't you tell us why this is enough to get by the motion to dismiss stage. Good morning, Your Honors. Judge Fischer, the Supreme Court in its Skinner v. Switzer decision post-Iqbal and Twombly explained that the inquiry at this stage, the threshold stage of litigation, on a motion to dismiss for failure to state a claim, is not whether the plaintiff is going to ultimately prevail, but whether his complaint was, quote, sufficient to cross the federal court's threshold. The court and Iqbal and Twombly were concerned about bare recitals, recitals of illegal claims, an absence of factual context. And this court, in its Fowler decision, illustrates in its analysis what is sufficient. And under Fowler, Connolly's complaint is, for example, at issue in Fowler, the complaint alleged in an employment discrimination case, disability discrimination, that the plaintiff was injured at work. Sure, we've read that and we're familiar with that piece of the Fowler analysis. Yes. But you make a specific point which seems to run counter to what we said in Fowler. Judge Nygaard, in writing that opinion for the majority, specifically said, and you can help me with the pronunciation, Swierkiewicz v. Surima? Correct, Your Honor. Had been effectively disavowed by Twombly and Iqbal. You take issue with that. Why do you take issue with that? What's left of Swierkiewicz and what it says about pleading in employment discrimination cases? Your Honor, Swierkiewicz, this court in Fowler discussed the Swierkiewicz decision and said to the extent that it relied on Connolly, which was the requirement that courts could not dismiss unless it was beyond doubt that the plaintiff could end up proving the claims were true, this court stated that to the extent that Swierkiewicz relied on the Connolly standard, it was no longer a good law. And therefore, in its application of the new pleading standards under Iqbal and Twombly, said actually Swierkiewicz's demise didn't bear on that analysis because this court had already found that Iqbal, that the Twombly decision had applied to employment discrimination cases. So even in Fowler, in recognizing in this court's discussion of it being repudiated, even in Fowler the court found it didn't have much bearing because it had already decided that the Twombly standard applied to employment discrimination cases. So my response to Your Honor's question is really whatever this court's view of Swierkiewicz is, it does not bear on this particular analysis because this court set aside whatever repudiation occurred as not having a bearing on the case. All right. Judge Fischer, your question was what about this complaint shows the plausibility of the claim? And this court in its Phillips decision stated, in determining how Twombly counsels the court, this court states we start with what Twombly expressly leaves intact. The Supreme Court reaffirmed that Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief for the purpose of giving the defendant fair notice of what the claim is. Here the defendant has noticed that there is a Title VII sex and retaliation claim and plausible grounds upon which it rests. The district court's only, the only element in dispute that the district court found insufficiently pled was the plausibility of some kind of causal nexus between Connolly's gender and Lane's refusal to recall her. And some of the factual allegations, Your Honor, which support the plausibility of such a causal connection are these. Connolly, her complaint states, was an experienced truck driver. She had worked at Lane since 2006. In 2011, the construction season starts around March or April of that year. There are six other people on her team. All of those six will be hired to Lane in some capacity in that construction season. She was the only one who was not, even though she was experienced, That's the EEOC position, right? Correct. And the plaintiff's position that that in and of itself is enough to establish a plausible claim of discrimination. If there are seven drivers and one of them isn't recalled and that one is a woman, that by itself is enough to establish the plausibility necessary to get over the threshold, correct? Your Honor, even under summary judgment, that's enough. For example, in this court's Doe decision, to establish a prima facie case of sex discrimination, that decision found that this causal link element had been satisfied after discovery where there was a showing of two male comparators who had been treated better than the female plaintiff. Right. So that's it. That alone would do it at the pleading stage for sure, you're saying? Correct, Your Honor. Under Federal Rules of Civil Procedure 8, a short and plain statement, correct. All right. Okay. Just wanted to clarify that that's what your position was. Thank you, Your Honor. I understand it. And we thank you for participating in this case. Thank you, Your Honor. Ms. Clancy. Good morning, Your Honor. May it please the Court, my name is Samantha Clancy. I represent the Apelli Lane Construction Corporation. Here there are two main issues, but the first that we've touched upon and I will continue to discuss is whether Conley's claims for a disparate treatment on the basis of her gender and her claim for retaliation were sufficiently pled to survive a motion to dismiss. Why don't you go right at that last point made by Ms. Vack, Ms. Clancy. It's in the complaint, clear as day. She says, I'm a qualified truck driver. I've been called back every year. I make some complaints and I'm not called back. Six men could call back. I don't get called back. I'm a woman. Why aren't those allegations all by themselves enough to get her passed a motion to dismiss on both her disparate treatment and her retaliation claims? Your Honor, that's purely looking at the plausibility standard, which the district court looked at and looked at the facts and applying the facts to the standards of this court determined that Ms. Conley's allegations weren't sufficient for the reasons that she was a truck driver, correct, since 2006. And as her complaint states, though those issues, or excuse me, though those allegations are time barred, she alleges that she made complaints periodically, unspecified complaints of harassment and discrimination throughout her tenure at Lane Construction. Sure. Now you're getting, she does indeed allege those things. But the question I'm trying to get at is, as a legal point, what's wrong with what we've heard from Ms. Back and Ms. Town? They have said the standard is, and this court's precedents say in Fowler and in Phillips, that you just have to point out, look, the lady was treated differently than the gentleman. And that's good enough. Is that, as a legal matter, is that an inaccurate statement of the law? I believe that's inaccurate. And as the court states, You say you believe that is inaccurate. I'm sorry, accurate, excuse me. Inaccurate. It's not accurate. It's not accurate. Okay. The court in Santiago v. Warnminster, citing Ashcroft v. Iqbal, stated that the court can take note of the elements plaintiff's required to plead to state a claim. Second, the court can identify allegations that, because there are no more than conclusions, are entitled to the assumption of the truth, and then are not entitled, excuse me, to the assumption of the truth. And then third, as Ms. Town and Ms. Back stated, that they can assume, the court can assume the veracity of well-pleaded factual allegations and then determine whether they plausibly give rise to entitlement for relief. You're not arguing that they need to plead a prima facie case, right? No, I'm not arguing that. What I'm arguing here is that the court was able to look at Ms. Conley's allegations and conclude that they were merely conclusory statements. Did the court make a mistake in its analysis, though, in assuming that she had to plead a prima facie case? I don't think the court required Ms. Conley to plead a prima facie case. I believe the court's standard, and the court stated specifically that it was not requiring Ms. Conley to plead a prima facie case and there was no heightened pleading standard. Rather, the court required that she set forth sufficient facts to support plausible claims, and she couldn't get over the hurdle. Okay. I agree there's that three-step analysis laid out in Santiago. I don't think they would disagree with that. What I think their point to us is, and that you need to rebut maybe pointing us to some cases, is that what she said at that step two in the Santiago analysis was enough. She said, I'm a qualified driver for the disparate treatment claim. I've been called back every season. I wasn't called back in 2011. Every man was called back in 2011. They say that's not conclusory. Those are statements of historical fact, and they are enough as a legal matter to establish or to get past a motion to dismiss if you draw inferences in their favor. Do you have a case or some rationale to explain why that assertion is inaccurate? Let me just add to that. She also said that they're not using rental trucks, and normally they don't use rental trucks, which showed they needed more drivers. Add that fact. There is no case law that I specifically can point to to rebut that statement. My position is that the district court did not err because in looking at the facts, it determined that given the history that there was no plausible connection purely that those were bare bones allegations under ICBAW, that she essentially pled in unenduring the defendant unlawfully harmed me accusation, and there were a bunch of labels and conclusions, and that's merely a formulaic recitation of the elements of the claim. I was, excuse me, I'm a woman. I wasn't recalled. Others were treated differently. Isn't that different, though? I mean, I would understand your position better if the allegations had been, if she had just said they treated me differently, and that was all it said. That's a conclusory allegation. It doesn't tell you anything about what was going on, how there was different treatment, but she didn't just say they treated me differently. She said I'm a qualified driver, been qualified for years. I didn't get called back. Every man got called back. That's, help me understand how that's merely conclusory and an assertion of a legal principle and not a statement of historical fact, whether ultimately it proves to be accurate or not. It seems like a statement of historical fact. What's, how am I misapprehending that? I'm sorry, can you repeat? Yeah, that wasn't very helpful as a question, was it? Well, you just said the district court was right. These are just conclusory allegations of the sort that Twombly and Iqbal and our own case law afterwards say you can ignore, need to ignore. I hear them saying to us, and it seems to make some sense, that she didn't just say, for example, I was discriminated against. That's a conclusory statement, obviously. She said some factual things. I'm a qualified driver. I applied to come back. Every man got called back. I didn't get called back. How are those conclusory instead of statements of historical fact, which, if inferences are drawn in her favor, are sufficient under 882? I believe, Your Honor, they are statements of historical fact, correct. But if that's true, then why isn't it good enough? What legal thing makes that less than good, particularly in light of what we said in Fowler? Legally, what makes it less than good is that there's nothing, and I keep saying, you know, get over the hurdle, but there has to be the plausibility standard is not a probability. So it's not probability that she'll succeed, but it requires near possibility that the defendant acted unlawfully. So the standard would be taking into context and using the judicial, excuse me, using the court's just common sense and judicial experience, can look at those, or look at the facts, apply them to the law, and state this isn't enough because these are bare allegations. And that's true even when we draw every inference in her favor as we're required to? Every inference with the exception of anything that was a legal conclusion or a statement that's not entitled to a legal inference, just given the way that it specifically is applied. We spent a lot of time here on the discrimination count. What about the retaliation count? Why was there not enough alleged in the retaliation count? Sure thing. For the retaliation count, Your Honor, it's a very similar analysis where there's no, not that there's no protected activity, but the alleged protected activity, one, there's no temporal proximity, and two, it's not reasonable and, excuse me, not that it's not reasonable, but it wasn't sufficiently pled that the protected activity complained of somehow was causally connected with the failure to recall or to work. Didn't she more or less establish that over a period of time, you know, she had been a complainant. She had been a little bit of a pain in the, you know what, to the company. And, you know, she dealt with all the mechanisms she could deal with, and there was this 2010 incident, and lo and behold, come spring of 2011, next time to be recalled, she's the only one not recalled. That's correct, Your Honor, except for she wasn't, or she was the only one not recalled. She was not the only one who wasn't recalled, though, in a truck driver capacity. So that's one issue, and it's just an issue of fact. But also that... When you say that, as soon as you say that, aren't you starting to draw inferences against her? I mean, if we have to draw every inference for her, what difference does it make that somebody else was called into a different job? One is that she, the first is she alleges that she wasn't recalled, and she purely, or she puts it at issue that she wasn't qualified for the one position for which she wasn't recalled. So I believe that's one thing, is that she's the one who makes it certain that she was not qualified for the position, and that's driving the pack truck. Yeah, but again, now we're getting into the weeds of the facts. She also says they hired contract people. They never do that when there are available drivers, and I'm an available driver. So as you go through that analysis, which mirrors what the district court did, are you not weighing evidence and plausible who's more believable and what you think makes more sense, which is a perfectly human thing to do but something we're instructed not to do at the pleading stage because every inference has to be drawn in her favor at that stage, right? That is correct, Your Honor. There are specific facts that Ms. Conley could have pled and did not, and that would be, as an experienced driver, been there for four years, she does allege, yes, that there were rental trucks being used, but she says, you know, I drove past a lame job site. She doesn't give any information regarding the job site. She gives no details, just... Might not have been the greatest complaint in terms of factual density, but that's really not the question either, right, Ms. Conley? Is it enough? Is it enough under 882? So Judge Fishers pointed out, she says repeatedly, I was going to them and complaining about my treatment all the time. Now I'm not called back. Why isn't that good enough? Specifically, as I was mentioning, the alleged protected activity. She alleges, this is a mild incident where she alleges someone says, I'm going to kiss you one day. This is one complaint of many. She'd been previously recalled back every year that she made a complaint. As Judge Fisher pointed out, she'd been somewhat of an individual who frequently made complaints, but she repeatedly was called back to repeatedly have the opportunities to continue working with Lane. I know the EEOC argues in their brief that, you know, this one incident is what sent Lane over the edge, and that's, you know, what was the first opportunity to retaliate against her. And I don't think that inference can be made from the pleading. I believe that there have been ample opportunities to retaliate against her if Lane's motive was to retaliate against her, and she's simply just throwing anything. That might be true. That may be very well true, that they could have done her dirty before that. But if we're talking about drawing the inferences in her favor, why isn't it perfectly plausible to say they'd had their fill and now they were going to retaliate, and that's enough right there. It's enough to get you over the threshold and into court. Well, how about it was a supervisor this time that was responsible for the harassing? She does claim that there were other supervisors who I believe had berated her and other unspecified incidents of harassment. But the fact that it's a supervisor, I mean, I could concede that that could be something that changes the analysis. Back to what Judge Fisher was asking about the retaliation, it seems that the district court focused on the length of time, and courts do look at that in terms of analyzing causality, I guess. What are the dates we ought to be looking at here in terms of causation? I guess May of 2010 when the supervisor supposedly harassed her, that's one date, right? Yes, that's right. What is the next date? Because it's an interesting case. We've got seasonal workers. Do you go over the full year and go to the first day when she should have been hired, or is it when she ended the job in October of 2010? We argue that it's May through May. And then October 2010 was a different incident when she ended the job. But the only issue that she has is her failure to be rehired. So the failure to rehire itself was April or May 2011. Okay. All right, Ms. Clancy, thank you very much. Thank you, Your Honor. And on rebuttal we'll have Ms. Town. Thank you, Your Honor. I would just like to speak about one point that Ms. Clancy highlighted, which is that as the district court found here, bare bones allegations can be dismissed. However, it seems that the district court here, in construing the factual allegations of this case, read each allegation in a vacuum. He states that the incident of alleged sexual harassment in May 2010 seems mild, ignoring the context of all of the factual allegations where Ms. Connolly has alleged continuing harassment and unfair treatment throughout her career. And again, her dismissal in October of 2010 following an incident where a supervisor had berated her and was very hostile towards her, he again reads that in a vacuum and states that this may lead to an inference of retaliation due to a safety complaint, but can't make the jump that it also can raise an inference of gender discrimination based upon the context, again, of her employment in that Lane managers were increasingly hostile towards her complaints. I see that my time is up and I thank the court. Thank you, Ms. Town. And we thank all counsel for a job well done and we'll take the matter under advisement.